UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE AMBROSIO ORTIZ,

          Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

          Respondent.

No. 1:26-cv-03258-DJC-JDP

RELEASE ORDER

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). (Pet. at 9.)

Petitioner entered the country without inspection in June 2000. (Pet. ¶ 2.) From approximately 2003 to 2018, Petitioner held Temporary Protective Status. (Opp'n at 1.) Though Petitioner asserts he has a pending application for renewal of this status (Pet. ¶ 3), Respondent argues and has submitted evidence indicating this status was denied in May 2024. (*See* Opp'n at 1; ECF No. 6-3.) ICE arrested Petitioner during a traffic stop in Maryland on April 8, 2026. (Pet. at 2.) Petitioner has been detained since that date without a bond hearing. (*Id.* ¶ 11.)

////

1

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).  For the reasons stated in those cases, Petitioner has established he is entitled to relief.  As Petitioner has been present in the United States for over twenty-five years (Pet. ¶ 2), he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2).  *See Morillo*, 2025 WL 3707140, at *4.  Thus, Petitioner is entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

Respondent's assertion that Petitioner's history of Temporary Protected Status differentiates this case from this Court's prior orders is unpersuasive.  (*See* Opp'n at 1.) Respondent fails to identify any reason why the fact that Petitioner was "not subject to deportation" between 2003 and 2018 would subject him to mandatory detention under 8 U.S.C. § 1225(b)(2) now and cites no authority in support of this argument. (*Id.*)  The Court therefore finds Petitioner's current detention is governed by 8 U.S.C. § 1226(a).

As the parties do not object to the Court ruling on the merits of the Petition (*see* ECF No. 4; Opp'n at 3), the Court does so here.  Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count One.[1]

2. Respondent is ORDERED to immediately release Petitioner Jose Ambrosio Ortiz from their custody.  Respondent shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  If the government seeks to re-

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3.  Respondents shall file a status report within five (5) days confirming Petitioner's release.

4.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 15, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Ortiz26cv03258.merits

3